## UNITED STATES DISTRICT COURT

## DISTRICT OF MAINE

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| ) | |
| **v.** ) | **CRIMINAL NO. 2:16-CR-100-DBH** |
| ) | |
| **ALFRED McINTOSH, JR.,** ) | |
| ) | |
| **DEFENDANT** ) | |

## PROCEDURAL ORDER ON DEFENDANT'S MOTION
## FOR COMPASSIONATE RELEASE

In 2017, pursuant to a binding plea agreement that significantly elevated his Guideline range, I sentenced the defendant Alfred F. McIntosh, Jr. to 144 months imprisonment. Now McIntosh has filed a written "request for compassionate release to home confinement due to my health issues and the risk of contacting Covid-19." Def.'s Mot. at 2 (ECF No. 66). He points to respiratory issues that are reflected in the presentence report prepared at the time of his sentence. He says that those issues make him a high risk for the Covid-19 respiratory virus and that "prisons are hot spots for Covid-19." Id. at 1. I take his request as falling under the First Step Act giving judges authority under some circumstances to order compassionate release, 18 U.S.C. § 3582(c)(1)(A). (McIntosh mentions the CARES Act, but its authority for compassionate release is directed not to judges but the Bureau of Prisons. CARES Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020); see United States v. Nash, No. 19-40022-01-DDC, 2020 WL 1974305, at *2 (D. Kan.

Apr. 24, 2020) ("The CARES Act authorizes the BOP—not courts—to expand the use of home confinement.").)

Before I can even consider McIntosh's request, however, he must satisfy me that 30 days have lapsed since the Warden of his prison (here, FCI Schuylkill) received from him a request to modify his sentence.  18 U.S.C. § 3582(c)(1)(A).  McIntosh tells me he has "filed for compassionate release with the warden but just don't get a response."  Def.'s Mot. at 1.  That statement does not show me that 30 days have lapsed since the Warden received McIntosh's request.  The judges of this District have found that language to be mandatory.  See, e.g., United States v. Morgan, No. 1:18-cr-197-LEW (D. Me. May 4, 2020); United States v. Crosby, No. 1:17-cr-123-JAW, 2020 WL 2044727, at *2 (D. Me. Apr. 28, 2020); United States v. Lugo, No. 2:19-cr-56-JAW, 2020 WL 1821010, at *3 (D. Me. Apr. 10, 2020).

Accordingly, I **DENY** McIntosh's motion **WITHOUT PREJUDICE**.  I do not at this time express any view on whether McIntosh is entitled to any relief.  Before I can consider his motion, he must satisfy me that "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility" has occurred."  18 U.S.C. § 3582(c)(1)(A).

**SO ORDERED.**

**DATED THIS 28TH DAY OF MAY, 2020**

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**