**UNITED STATES DISTRICT COURT**

**DISTRICT OF MAINE**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. 2:16-CR-100-DBH** |
| | ) | |
| **ALFRED McINTOSH, JR.,** | ) | |
| | ) | |
| **DEFENDANT** | ) | |

**ORDER ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

The defendant Alfred McIntosh, Jr. previously filed a motion for compassionate release and I denied it without prejudice because he had not demonstrated that the Warden failed to act on his request for compassionate release within 30 days.  Proc. Order (ECF No. 67).  Now he has filed a new motion (ECF No. 68) that includes a letter from the Warden denying his request on May 15, 2020 (ECF No. 68-2).

However, as I have held previously, if a defendant makes a compassionate release request to the Warden and the Warden responds negatively within the statutory 30 days, the defendant prisoner must then exhaust his administrative appeal rights within the Bureau of Prisons.  United States v. Rembert, No. 2:12-CR-66-DBH, 2020 U.S. Dist. LEXIS 107423, at *2-3 (D. Me. June 19, 2020) ("I join those courts that have concluded that the 30-day language is designed to ensure that the Warden acts timely and that when she does, the prisoner needs to exhaust his administrative appeal rights before proceeding to court."); see also United States v. Miller, No. 2:16-CR-00269, 2020 WL 113349, at *2 (D. Idaho

Jan. 8, 2020) ("It seems odd that Congress would allow a defendant to short-circuit the Bureau of Prison's administrative procedures simply by waiting 30 days after filing his request, despite the warden timely acting on that request. In this context 'lapse' clearly means that the warden must fail to act on the defendant's request for a period of 30 days."); United States v. Weidenhamer, No. CR-16-01072-001, 2019 WL 6050264, at *4 (D. Ariz. Nov. 8, 2019) ("[T]he better reading is to require administrative exhaustion if a warden acts on a request within 30 days.  The statute requires a defendant submit a request to her warden.  If the warden acts on that request in a timely manner, it is appropriate to require a defendant to pursue an administrative appeal.").

McIntosh has not established that he has pursued an administrative appeal of the Warden's denial, although the Warden's letter explained how he could do so.  Therefore, I **DENY** his motion to obtain judicial relief **WITHOUT PREJUDICE**.

**SO ORDERED.**

**DATED THIS 31ST DAY OF JULY, 2020**

/s/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**