UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| v. | ) CRIMINAL NO. 2:16-CR-100-DBH |
| | ) |
| ALFRED McINTOSH, JR., | ) |
| | ) |
| DEFENDANT | ) |

**ORDER ON SECOND MOTION FOR COMPASSIONATE RELEASE**

On August 18, 2020, I denied Alfred McIntosh, Jr.'s, motion for compassionate relief, saying: "I conclude that the circumstances here do not present extraordinary and compelling reasons to reduce McIntosh's sentence effectively by two-thirds and that his recidivism risk does create a danger to the community." Order (ECF No. 72).

In that ruling, I recognized McIntosh's health conditions that made him vulnerable:

> McIntosh is justifiably afraid of COVID-19 given his health conditions.[1]  But conditions at FCI Schuylkill appear to be under control.  And as I said at sentencing:[2]
>
>> the history and characteristics of this defendant are not hopeful.  He seems to be good when he's sober but he's not good when he relapses, and that seems to be more of the norm.  Mental and emotional health history for himself and his family, ongoing criminal activity up through 2012 involving theft, burglary, drugs, motor vehicle offenses, assault, et cetera.  And even after this tragedy in 2012 [referring to the

---

[1] He reported COPD, prediabetes, hypertension, asthma, and retinopathy.
[2] In 2017 I had sentenced McIntosh to 144 months in prison for possession with intent to distribute methadone where one of his distributees died from the methadone.  See Order at 2.

> methadone death] he struggled with drug usage up until the severe car accident and his arrest [in 2016].

Order at 3.  I then quoted my colleague Judge Torresen's language from the earlier case of United States v. Hunter, 2:14-cr-122-NT, 2020 WL 4194504, at *3 (D. Me. July 21, 2020) (ECF No. 66), where she said:

> Even if [the defendant] could establish extraordinary and compelling reasons for his release, reducing his sentence would be inconsistent with the § 3553(a) factors, including protection of the public.  I sentenced [the defendant] to a 235-month term of incarceration because of the seriousness of his drug offenses.  See 18 U.S.C. § 3553(a)(1).  Reducing [his] sentence by 70% would undercut the seriousness of the offense, respect for the law, and the need to deter future criminal conduct.  See 18 U.S.C. § 3553(a)(2).  Further, [his] presentence report shows a serious criminal record . . . . Given his lengthy criminal record, it would be difficult to find that the safety of the community could be assured if [the defendant] were to be granted early release.

I added: "Those observations apply here [*i.e.*, in McIntosh's case] as well."  Order at 3-4.

On January 6, 2021, McIntosh filed a new motion for compassionate release "asking for a Public defender if it is needed."  Def.'s Mot. at 9.  Primarily he cites decisions by other district judges in other districts whose facts he believes resemble his.  He also refers to the growth in COVID-19 numbers at FCI Schuylkill, where he is incarcerated.  The BOP reports that the prison currently has 59 inmates and 13 staff positive for COVID-19 and 162 inmates and 5 staff who have recovered.  See BOP, COVID-19 Cases, Federal Bureau of Prisons (last updated Jan. 8, 2021), https://www.bop.gov/coronavirus/.

As for the other district judge decisions McIntosh cites, I respect the views of those judges, but I must evaluate the circumstances of this particular defendant.  I continue to recognize that McIntosh has a legitimate fear that

COVID-19 presents a particular danger to him. But his risk of recidivism and the need to protect the public remain under the § 3553(a) factors I must apply in assessing his motion.

I therefore **DENY** this second motion for compassionate release. I also **DENY** the request to appoint counsel, because the assistance of counsel would not be helpful to McIntosh under the circumstances.

**SO ORDERED.**

**DATED THIS 11TH DAY OF JANUARY, 2021**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**