UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:16-cr-00100-JDL-1 |
| | ) | |
| ALFRED MCINTOSH, JR., | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION TO REDUCE SENTENCE**

On June 1, 2017, Alfred McIntosh was convicted of possession with intent to distribute methadone, in violation of 21 U.S.C.A. § 841 (a)(1) (West 2017) and 21 U.S.C.A. § 841(b)(1)(C) (West 2017). He was sentenced to a term of imprisonment of 144 months, to be followed by a term of supervised release of three years. McIntosh is currently incarcerated at FCI Otisville. While serving his sentence, McIntosh has filed three motions[1] for compassionate release (ECF Nos. 68, 73, 77) pursuant to 18 U.S.C.A. § 3582(c)(1)(A)(i) (West 2023).[2]

The Court (Hornby, J.) denied (ECF No. 72) McIntosh's first motion (ECF No. 68) on the merits.[3] Although Judge Hornby acknowledged that McIntosh was being

---

[1] McIntosh's first request for compassionate release (ECF No. 66) was denied without prejudice on procedural grounds (ECF No. 67) because he failed to show that 30 days had lapsed since the Warden had received his request for a sentence modification, as required by 18 U.S.C.A. § 3582(c)(1)(A). McIntosh's subsequent motion (ECF No. 68) remedied this deficiency by attaching a letter from the Warden denying his request for relief.

[2] The motion that is the subject of this Order does not explicitly reference this statute. However, based on the nature of the relief requested, I construe it as a motion for compassionate release.

[3] Initially Judge Hornby denied the motion on procedural grounds (ECF No. 70) because McIntosh had not established that he pursued his administrative right to appeal after the Warden denied his request for relief. Judge Hornby subsequently vacated the Order and proceeded to address the merits of the motion.

treated for chronic obstructive pulmonary disease, prediabetes, hypertension, asthma, and retinopathy, he concluded that McIntosh had not demonstrated an "extraordinary and compelling" reason to reduce his sentence. ECF No. 72 at 3. Judge Hornby noted that consideration of the sentencing factors set forth in 18 U.S.C.A. § 3553(a) (West 2023) also weighed against early release because McIntosh had only served one-third of his sentence and his high-risk of recidivism posed a danger to the community.

On January 6, 2021, McIntosh moved for compassionate release for the second time (ECF No. 73), which Judge Hornby denied (ECF No. 75) for similar reasons, concluding that McIntosh's risk of recidivism and the need to protect the public outweighed McIntosh's fear of COVID-19.

McIntosh's third "Motion to Reduce Sentence" (ECF No. 77) is now before the Court. He argues that his circumstances have changed because he has served a greater portion of his sentence, participated in various prison programs, and has a positive disciplinary record and consistent work history. He asserts that he now poses a low-recidivism risk. McIntosh states that "the First Step Act has put [him] at November 13, 2025[,] for a release date" and that he has "been told that [he would probably] get a year in the halfway house" which would make him eligible for release in November 2024. ECF No. 77 at 1. Accordingly, he requests a one-year sentence reduction and an 18-month placement in a halfway house.

The Government opposes this motion because McIntosh has not established that he submitted his request for a sentence reduction to the Bureau of Prisons ("BOP") and that the BOP either denied his request or failed to respond within 30

2

days. The Government also argues that the motion should be denied on the merits because McIntosh has not shown an extraordinary and compelling reason for compassionate release and because the sentencing factors in 18 U.S.C.A. § 3553(a) weigh against his request.

The compassionate release statute, as amended by the First Step Act of 2018, Pub. L. No. 115−391, § 603(b), 132 Stat. 5194, 5239−41 (codified at 18 U.S.C.A. § 3582(c)−(d)), permits a court to consider a motion for compassionate release brought by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C.A. § 3582(c)(1)(A).

Here, McIntosh has not satisfied either threshold condition. His latest motion does not show that he has exhausted his administrative rights to appeal or that he requested a sentence modification from the BOP and waited at least 30 days from the receipt of such request by the Warden of FCI Otisville.

Even if McIntosh had provided such verification, a court may only reduce a defendant's sentence under 18 U.S.C.A. § 3582(c)(1)(A)(i) if it finds, among other requirements, that "extraordinary and compelling reasons warrant such a reduction." *See United States v. Ruvalcaba*, 26 F.4th 14, 18 (1st Cir. 2022). Here, McIntosh has not asserted that he suffers from medical conditions that place him at a heightened risk of serious illness if he contracts COVID-19, nor has he argued that there is a "complex of circumstances . . . forming an extraordinary and compelling reason warranting relief." *Ruvalcaba*, 26 F.4th at 28. Thus, he has not demonstrated any

"type of 'extreme hardship' that the compassionate-release statute is designed to ameliorate." *United States v. Saccoccia*, 10 F.4th 1, 4 (1st Cir. 2021) (quoting *United States v. Havener*, 905 F.2d 3, 6 (1st Cir. 1990)).  Although McIntosh attached his medical records to prior motions, he has not updated the Court as to the status of his medical conditions or otherwise argued that there has been a change in these conditions that would give rise to an extraordinary and compelling reason for compassionate release.

Because McIntosh's motion does not meet the threshold requirements for the Court's review under 18 U.S.C.A. § 3582(c)(1)(A), and because his motion does not contain any assertions which might lead me to conclude that extraordinary and compelling reasons warrant an early release, his Motion to Reduce Sentence (ECF No. 77) is **DENIED** without prejudice.

**SO ORDERED.**

Dated:  June 26, 2023

                                                                                         /s/ JON D. LEVY
                                                                       **CHIEF U.S. DISTRICT JUDGE**